# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-2116

TRAVELODGE HOTELS

v.

DURGA LLC; SASIKALA VEMULAPALLI,
Appellants

_____

On Appeal from the U.S. District Court, D.N.J.
Judge Claire C. Cecchi, No. 2:15-cv-08412

Before: BIBAS, CHUNG, and AMBRO, *Circuit Judges*
Submitted: June 23, 2026; Filed: June 23, 2026

_____

NONPRECEDENTIAL OPINION*

BIBAS, *Circuit Judge*. Everyone wants a free upgrade. Kumar and Sasikala Vemulapalli used Sasikala's LLC, Durga, to buy and franchise an Ohio Travelodge hotel. They claim that an employee of Travelodge's parent company, Wyndham, promised that if they signed the contract, they would get an upgrade to a better hotel brand (like a Days Inn). Yet the contract had no such provision, and Wyndham sent Defendants a letter telling them how to apply to upgrade to the Days Inn brand. They never applied.

Though the franchise contract required Defendants to fix up the hotel, they failed to do so. They booked some reservations but soon threw in the towel, switching to a different hotel brand. After they notified Travelodge of that unilateral switch, Travelodge eventually sued them for unpaid fees plus liquidated damages.

_____

*This is not an opinion of the full Court and, under 3d Cir. IOP 5.7, is not binding precedent.

Nine years later, the case went to a bench trial. There was no documentation of the alleged promise of an upgrade to induce Defendants to sign the contract. The only evidence was Kumar's testimony, and "in light of the competing evidence …, the [District] Court d[id] not give considerable weight to this self-serving testimony recounting oral conversations dating back roughly ten years." 1 JA 23. The court found that Defendants had breached the contract and owed Travelodge more than $35,000 in unpaid fees plus $129,000 in liquidated damages ($1,000 per room that they were "authorized to operate at the time of Termination"), plus interest. 1 JA 39, 41. Dissatisfied, Defendants moved to reconsider and submitted several new pieces of evidence, but the court denied the motion. We review the court's legal conclusions de novo and its findings of fact (as well as mixed questions of law and fact) for clear error, being "particularly deferential" to its credibility findings. *Travelers Cas. & Sur. Co. v. Ins. Co. of N. Am.*, 609 F.3d 143, 156–57 (3d Cir. 2010). Though Defendants raise three challenges to these rulings, the District Court got them right.

*First*, Defendants challenge the District Court's crediting the testimony of Travelodge's two corporate witnesses, Kendra Mallet and Robert Spence. Mallet covered Travelodge's franchising and reservation system, and Spence explained the payment-collection process that he ran. Spence further testified that the business records associated with Durga's account reflected only one payment made for its recurring fees. Defendants object that both witnesses lacked first-hand knowledge of the relevant facts, in violation of Federal Rule of Evidence 602. Yet the rules of evidence require only "personal knowledge," not eyewitness knowledge. Fed. R. Evid. 602. Corporate employees may testify about documents and

2

processes that they have personally encountered. It does not matter that these witnesses did not personally see checks being received or reservations being placed; their knowledge of the relevant record-making system and ability to attest to the record satisfies Rule 803(6). *United States v. Console*, 13 F.3d 641, 657 (3d Cir. 1993); 1 *McCormick on Evidence* § 10 n.26 (9th ed.) ("[C]ourts tend to apply the personal knowledge requirement laxly in the business setting.").

Attacking Spence's credibility, Defendants point to a $2,000 check that they flagged after trial but before the court entered a decision. The check is from "Davies Enterprize" in Flint, Michigan, to Travelodge, and Defendants argued that it should be counted against the fees that they owed. 2 JA 1–3. But nothing about this check issued by a different company suggests that it was ever meant to apply to their unpaid fees. So the District Court did not need to reopen proceedings to consider this evidence. Even if the court had considered it, it would not have moved the needle.

*Second*, Defendants challenge the liquidated-damages award as unreasonable and unconscionable. The parties agree that New Jersey law applies, as the franchise agreement provided. And we presume that the agreement's liquidated-damages clause is reasonable; Defendants bear the burden of proving it unreasonable. *Wasserman's Inc. v. Township of Middletown*, 645 A.2d 100, 108 (N.J. 1994).

The parties agreed to liquidated damages in lieu of Travelodge's "claims for lost future Recurring Fees." Supp. App. 17. As Mallet testified, Travelodge included that clause because "it's hard to calculate, at the onset of the agreement, what [the damages] might be" if someone terminates it early. 1 JA 164–65. So Travelodge sets the rate based on "the systemwide

3

average of how much revenue they generate per room on an annualized basis." 1 JA 165. Defendants submitted no compelling evidence that this estimate was unreasonable or punitive. And courts have found analogous (and higher) liquidated-damages clauses reasonable. *See, e.g.*, *Travelodge Hotels, Inc. v. Surajhira, LLC*, 2019 WL 981699, at \*3 (D.N.J. Feb. 28, 2019) (upholding $2,000 per room).

Plus, Defendants negotiated the rate down from the standard $2,000 to $1,000 per room. That dickering down the rate also tanks their unconscionability argument, since "the agreement has resulted from real bargaining between parties who had freedom of choice and understanding and ability to negotiate in a meaningful fashion." *Kugler v. Romain*, 279 A.2d 640, 652 (N.J. 1971).

As a last resort, Defendants claim that the District Court should not have applied that rate to all 129 rooms in the hotel, since some were supposedly uninhabitable. To support that argument, they tried submitting new evidence after trial. But the evidence was available before trial, and they do not argue on appeal that we must consider it to correct a manifest injustice. *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Besides, the contract applies to all rooms that they were "*authorized* to operate," and there is no reason to exclude rooms that they *were* authorized to operate but temporarily could not. Supp. App. 24 (emphasis added).

*Third*, Defendants accuse the trial judge of exceeding her role by effectively testifying as a witness. Fed. R. Evid. 605. But she did not. All she did was ask counsel, in response to objections, why he was asking certain questions. That is well within a judge's proper role. *See United States v. Green*, 544 F.2d 138, 147 (3d Cir. 1976). So we will AFFIRM.